(Decided 28th May, 1884.)

---

The Mayor and City Council of Baltimore, and Charles Webb, City Collector *vs.* Reverdy Johnson, Edward Patterson, Jr., and others.

*Ordinance No.* 44, *of the City of Baltimore, approved on the 4th of June,* 1874—*Ordinance No.* 77, *of the City of Baltimore,· approved on the 30th of April,* 1880—*Advertisement for Proposals for grading and paving a Street.*

By the sixth section of general ordinance No. 44, of the 4th of June, 1874, providing for the grading, gravelling, shelling, curbing and paving of streets in the City of Baltimore, it is declared that the City Commissioner, after he has determined upon doing the work authorized by said ordinance, " shall give ten days' notice in *three* newspapers that proposals will be received for doing the same," and " that the said proposals shall be opened in the Mayor's office, and the contract shall be awarded to the lowest responsible bidder." Held :

1st. That advertising for proposals in *one* newspaper only, is not a substantial compliance with the requirement of the ordinance.

2nd. That failure by the City Commissioner to advertise for proposals to do the work, in *three* newspapers, as required by the ordinance, is such a departure from a substantial and important provision, introduced for the benefit and protection of the property owners, as entitles them to an injunction to restrain the collection of the tax imposed upon them to pay the expense of the work done.

Appeal from the Circuit Court of Baltimore City.

This suit was brought by the appellees, owners of ground, binding on Covington street, in the city of Baltimore, for an injunction to restrain the appellants from enforcing certain special taxes and assessments, levied for the grading, curbing and paving of said Covington street, from a point at or near Warren street to Cross street. The grading and paving in question was done by the City Commissioner in pursuance of a special ordinance, No. 77 of the ordinances of 1880, passed in conformity with the Act of 1874, ch. 218. The grounds upon which the injunction was asked, were:

1st. That the grading and paving of Covington street was done solely for the public convenience, and the cost thereof could not legally be assessed to the owners of property binding thereon.

2nd. That the City Commissioner advertised for proposals to do the work in *one* newspaper only, when the ordinance required that notice should be given in three newspapers.

3rd. That the City Commissioner had not legally established the grade line of the designated part of Covington street, in that he assumed to establish such grade line upon the application of parties not owning property binding on said part of Covington street; and because he failed to give the legal public notice of the application for the establishment of such grade line. A preliminary injunction was granted. The defendants demurred to the bill. The Court (Phelps, J.,) overruled the demurrer, and as the defendants waived all right to file an answer, and

consented that the cause should stand as upon final hearing, the injunction was made perpetual. The defendants appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, and IRVING, J.

*Bernard Carter, City Solicitor,* and *James L. McLane, City Counsellor,* for the appellants.

*Michael A. Mullin,* and *Arthur W. Machen,* for the appellees.

MILLER, J., delivered the opinion of the Court.

There is at least one fatal objection to the validity of the tax, the collection of which was restrained by the injunction granted in this case, and that is that the City Commissioner advertised for proposals to do the work in *one* newspaper only, when the ordinance required that he should advertise in *three.*

The work was done under a special ordinance passed in conformity with the Act of 1874, ch. 218, and approved on the 30th of April, 1880. This ordinance authorizes and directs the City Commissioner " to have all that part of Covington street from its present paved terminus at or near Warren street, to Cross street, graded, paved and kerbed, in pursuance of the Act of Assembly, chapter 218, of 2d of April, 1874, and according to the provisions of ordinance No. 44 of the 4th of June, 1874, providing for the grading, gravelling, shelling, kerbing and paving of streets, lanes and alleys in the City of Baltimore *so far as the same may be applicable.*" Now one of the provisions of this general ordinance No. 44 thus *undoubtedly applicable,* is that in the sixth section, which declares that the City Commissioner, after he has determined upon doing the work, " shall give ten days notice in *three* news-

papers that proposals will be received for doing the same," and then provides that "the said proposals shall be opened in the Mayor's office and the contract *shall be awarded to the lowest responsible bidder.*" Nothing can be plainer than that advertising in *one* newspaper only, is not a substantial compliance with this requirement. It is also obvious that this is not a mere formal or immaterial provision, but a substantial and important one, and in fact, one in which the property owners who are required to pay for the work are deeply interested. The contract to be thus awarded to the lowest bidder determines the cost of the work and therefore the *amount of the tax* to be imposed, for it is only after the contract has been thus awarded whereby the cost can be ascertained, that the Commissioner is required by the eighth section of the same ordinance to impose a tax upon the owners of adjacent property "equal in amount to the whole expense of the work." The object of advertising for these proposals is to attract bidders and induce competition in order that the work may be done at the lowest attainable price, and this is all in the interest and for the protection of the tax-payers. No appeal is allowed to the property owners from any of the proceedings of the Commissioner under this ordinance, and his only redress against the imposition of an unlawful tax is by resort to a Court of equity; and while that Court ought not to grant relief by declaring the tax illegal and void where there has been only slight or immaterial omissions or deviations from the requirements of the ordinance, it must so relieve, where there has been, as in this case, a substantial departure from a substantial provision introduced for his benefit and protection. Upon this ground alone the decree appealed from which perpetuates the injunction must be affirmed, and that renders it unnecessary to determine in this case any of the other questions argued by counsel.

*Decree affirmed.*

(Decided 29th May, 1884.)